STATE OF MISSOURI )
) SS
CITY OF ST. LOUIS )

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

KENNETH N. LINNENBRINGER, )
)
    Plaintiff, )
) Cause No: 1022-CC10492
vs. )
) Division
CASINO ONE CORPORATION D/B/A )
LUMIERE PLACE CASINO AND HOTELS, )
)
SERVE: REGISTERED AGENT )
    LTD )
    2345 GRAND AVENUE )
    KANSAS CITY, MISSOURI 64108 )
AND )
)
PINNACLE ENTERTAINMENT, INC., )
)
SERVE: REGISTERED AGENT )
    CT CORPORATION )
    120 SOUTH CENTRAL )
    CLAYTON, MISSOURI 63105 )
)
    Defendants. )

## *PETITION*

COMES NOW Plaintiff, Kenneth N. Linnenbringer, by and through his attorneys, and for his cause of action against Defendant Casino One Corporation, d/b/a Lumière Place Casino and Hotels and Pinnacle Entertainment, Inc., and states as follows:

1.     Plaintiff is and was at all times herein mentioned citizens of the State of Missouri residing in St. Louis, Missouri.

2. Defendant Casino One Corporation, d/b/a Lumière Place Casino and Hotels (hereinafter "Lumière") is now and was at all times herein mentioned as Missouri corporation doing business in the State of Missouri.

3. Defendant Pinnacle Entertainment, Inc. (hereinafter "Pinnacle") is and was at all times mentioned a business incorporated in Nevada with its principal place of business in Nevada and doing business in Missouri through it subsidiary Casino One Corporation, d/b/a Lumière Place Casino and Hotels.

4. At all times mentioned in this Petition, employees and/or agents of defendants were working within the course and scope of their employment with defendants Lumière and/or Pinnacle.

5. Jurisdiction is appropriate in the Circuit Court as the damages sought exclusive of interest and costs, exceed the amount of the jurisdiction of the Associate Circuit Court under the provisions of R.S.Mo. § 478.225.

6. On August 31, 2008, plaintiff, Kenneth N. Linnenbringer, and his wife, were patrons of defendants at Lumière.

7. At that time, plaintiff parked his vehicle in the parking lot owned and operated by defendants where defendants ran a program whereby the parking fee paid could be validated based upon certain conditions.

8. After entering the defendants' casino, plaintiff was instructed by employees and/or agents of defendants that he needed to leave the casino in order to obtain his receipt to have his parking ticket validated.

2

9. Upon re-entry to the casino, plaintiff did not have his casino entry card and he told the employees and/or agents of defendants that he was simply attempting to get his parking validated and get his wife and leave.

10. The employees and/or agents of defendants refused to allow plaintiff back into the casino, refused to validate his parking, and furthermore refused to get plaintiff's wife.

11. At that point in time, defendants' employees and/or agents began to become forceful with plaintiff in order to remove him from the premises.

12. Security guards who were acting as employees and/or agents of defendants made physical contact with plaintiff and grabbed plaintiff, forced him outside, and forcefully threw him down onto the ground.

13. Plaintiff was then detained against his will for two and a half hours by employees and/or agents of defendants.

14. As a result of the unjustified actions and/or inactions of employees and/or agents of defendants, plaintiff Kenneth N. Linnenbringer suffered serious and permanent injuries to, among other parts of his body, his head, neck, shoulders, back, arms, knees, and legs. He has required medical care and treatment for the injuries he sustained as a result of the actions of defendants' employees and/or agents.

15. As a direct result of the incident caused by the actions and/or inactions of employees and/or agents of defendants, plaintiff suffered significant pain and suffering and disability.

*COUNT I*
*ASSAULT AGAINST CASINO ONE CORPORATION,*
*D/B/A LUMIÈRE PLACE CASINO AND HOTELS*

16. Plaintiff hereby incorporates by reference paragraphs 1 through 21 of Plaintiff's Petition.

17. Defendant, Lumière, by and through their employees and/or agents acted with an intent to cause offensive contact, bodily harm, apprehension of offensive contact, and/or apprehension of bodily harm in the following respects:

    A. Forcefully grabbing plaintiff's arms;
    B. Pushing plaintiff;
    C. Shoving plaintiff down to the ground thereby injuring him;
    D. Forcefully handcuffing plaintiff and detaining him; and
    E. Any other offensive contacts which may be discovered during discovery.

18. That as a direct and proximate result of the actions and/or inactions of employees and/or agents of defendant, defendant thereby caused plaintiff to be in apprehension of bodily harm and offensive contact.

19. That as a direct and proximate result of the aforesaid occurrence and the injuries suffered by plaintiff, plaintiff has incurred medical expenses and in the future will be required to expend further sums the exact amount which definitely cannot be ascertained at this time.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT II
### ASSAULT AGAINST PINNACLE ENTERTAINMENT, INC.

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 of Plaintiff's Petition.

21. Defendant, Pinnacle, by and through its employees and/or agents acted with an intent to cause offensive contact, bodily harm, apprehension of offensive contact, and/or apprehension of bodily harm in the following respects:

    A. Forcefully grabbing plaintiff's arms;
    B. Pushing plaintiff;
    C. Shoving plaintiff down to the ground thereby injuring him;
    D. Forcefully handcuffing plaintiff and detaining him; and
    E. Any other offensive contacts which may be discovered during discovery.

22. That as a direct and proximate result of the actions and/or inactions of employees and/or agents of defendant, defendant thereby caused plaintiff to be in apprehension of bodily harm and offensive contact.

23. That as a direct and proximate result of the aforesaid occurrence and the injuries suffered by plaintiff, plaintiff has incurred medical expenses and in the future will be required to expend further sums the exact amount which definitely cannot be ascertained at this time.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

### COUNT III
### BATTERY AGAINST CASINO ONE CORPORATION, D/B/A LUMIÈRE PLACE CASINO AND HOTELS

24. Plaintiff hereby incorporates by reference paragraphs 1-19 of plaintiff's Petition.

25. Defendant, Lumière, by and through its employees and/or agents intended to contact plaintiff and intended to cause him bodily harm in the following respects:

   A. Forcefully grabbing plaintiff's arms;
   B. Pushing plaintiff;
   C. Shoving plaintiff down to the ground thereby injuring him;
   D. Forcefully handcuffing plaintiff and detaining him; and
   E. Any other offensive contacts which may be discovered during discovery.

26. Furthermore, Lumière by and through its employees and/or agents intentionally caused offensive contact to plaintiff that a reasonable person would find offensive in the following respects.

   A. Forcefully grabbing plaintiff's arms;
   B. Pushing plaintiff;
   C. Shoving plaintiff down to the ground thereby injuring him;
   D. Forcefully handcuffing plaintiff and detaining him; and
   E. Any other offensive contacts which may be discovered during discovery.

5

27. That as a direct and proximate result of the aforesaid occurrence and injuries suffered by plaintiff, plaintiff has incurred medical expenses and in the future will be required to expend further sums the exact amount which cannot be definitely ascertained at this time.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT IV
### BATTERY AGAINST PINNACLE ENTERTAINMENT, INC.

28. Plaintiff hereby incorporates by reference paragraphs 1-19 of plaintiff's Petition.

29. Defendant, Pinnacle, by and through its employees and/or agents intended to contact plaintiff and intended to cause him bodily harm in the following respects:

   A. Forcefully grabbing plaintiff's arms;
   B. Pushing plaintiff;
   C. Shoving plaintiff down to the ground thereby injuring him;
   D. Forcefully handcuffing plaintiff and detaining him; and
   E. Any other offensive contacts which may be discovered during discovery.

30. Furthermore, defendant, Pinnacle by and through its employees and/or agents intentionally caused offensive contact to plaintiff that a reasonable person would find offensive in the following respects.

   A. Forcefully grabbing plaintiff's arms;
   B. Pushing plaintiff;
   C. Shoving plaintiff down to the ground thereby injuring him;
   D. Forcefully handcuffing plaintiff and detaining him; and
   E. Any other offensive contacts which may be discovered during discovery.

31. That as a direct and proximate result of the aforesaid occurrence and injuries suffered by plaintiff, plaintiff has incurred medical expenses and in the future will be required to expend further sums the exact amount which cannot be definitely ascertained at this time.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT V
### FALSE IMPRISONMENT AND FALSE ARREST AGAINST CASINO ONE CORPORATION, D/B/A LUMIÈRE PLACE CASINO AND HOTELS

32. Plaintiff hereby restates and incorporates herein by reference paragraphs 1-19 as though fully set forth herein.

33. Defendant, Lumière, by and through its employees and/or agents intentionally restrained plaintiff against his will by detaining him for two and a half hours without his consent and had no legal justification.

34. That as a direct and proximate result of the aforesaid occurrence and the injuries suffered by plaintiff, plaintiff has been caused to incur medical expenses and in the future will be required to expend further sums the exact amount which cannot be definitely ascertained at this time.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT VI
### FALSE IMPRISONMENT AND FALSE ARREST AGAINST PINNACLE ENTERTAINMENT, INC.

35. Plaintiff hereby restates and incorporates herein by reference paragraphs 1-19 as though fully set forth herein.

36. Defendant, Pinnacle, by and through its employees and/or agents intentionally restrained plaintiff against his will by detaining him for two and a half hours without his consent and had no legal justification.

37. That as a direct and proximate result of the aforesaid occurrence and the injuries suffered by plaintiff, plaintiff has been caused to incur medical expenses and in the future will be required to expend further sums the exact amount which cannot be definitely ascertained at this time.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT VII
### MALICIOUS PROSECUTION AGAINST CASINO ONE CORPORATION, D/B/A LUMIÈRE PLACE CASINO AND HOTELS

38. Plaintiff hereby restates and incorporates herein by reference paragraphs 1-19 as though fully set forth herein.

39. Defendant, Lumière, by and through its employees and/or agents instigated and continued a judicial proceeding against plaintiff that terminated in favor of plaintiff and defendant acted maliciously and without reasonable grounds in the following respects:

   A. Defendant detained plaintiff without just cause or justification;
   B. Defendant never cooperated with plaintiff in order to turn in his receipt or get his wife in order to validate his parking; and
   C. Defendant contacted the police and encouraged a police investigation and withheld key evidence and information from the police that it was their employees and/or agents that had instructed plaintiff to go back into the casino to get his parking validated.

40. Defendant encouraged and instigated a criminal complaint to be filed against plaintiff in the St. Louis City Circuit Court, Division 26, *State of Missouri v. Kenneth N. Linnenbringer*, Cause No. 0822-CR05730.

41. The criminal proceeding terminated in favor of plaintiff when all charges were dismissed.

42. Plaintiff was significantly damaged by defendant's actions which resulted in and caused him injuries as described in this Petition.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT VIII
## MALICIOUS PROSECUTION AGAINST PINNACLE ENTERTAINMENT, INC.

43. Plaintiff hereby restates and incorporates herein by reference paragraphs 1-19 as though fully set forth herein.

44. Defendant, Pinnacle, by and through its employees and/or agents instigated and continued a judicial proceedings against plaintiff that terminated in favor of plaintiff and defendant acted maliciously and without reasonable ground in the following respects:

   A. Defendant detained plaintiff without just cause or justification;
   B. Defendant never cooperated with plaintiff in order to turn in his receipt or get his wife in order to validate his parking; and
   C. Defendant contacted the police and encouraged a police investigation and withheld key evidence and information from the police about the reasons why plaintiff was attempting to get back into the casino.

45. Defendant encouraged and instigated a criminal complaint to be filed against plaintiff in the St. Louis City Circuit Court, Division 26, *State of Missouri v. Kenneth N. Linnenbringer*, Cause No. 0822-CR05730.

46. The criminal proceeding terminated in favor of plaintiff when all charges were dismissed.

47. Plaintiff was significantly damaged by defendant's actions which resulted in and caused him injuries as described in this Petition.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT IX
## NEGLIGENCE AGAINST CASINO ONE CORPORATION, D/B/A LUMIÈRE PLACE CASINO AND HOTELS

48. Plaintiff hereby restates and incorporates herein by reference paragraphs 1-19 as though fully set forth herein.

49. The incident and resulting injuries and damages suffered by plaintiff were directly and proximately caused by the negligence of employees and/or agents of defendant, Lumière, in the following respects:

   A. Defendant's employees and/or agents failed to provide defendant with validation for its parking which would have prevented the injuries suffered by plaintiff;
   B. Employees and/or agents of defendant failed to follow reasonable security protocol in order to prevent an escalation of violence in order to prevent an assault and battery perpetrated on plaintiff by failing to allow plaintiff into the casino as he had been instructed by defendant in order to validate his parking;
   C. Failed to institute a reasonable security protocol to allow plaintiff back into the casino to prevent plaintiff's injuries;
   D. Failed to contain the situation without the use of force, but instead used unreasonable and offensive force and bodily harm against plaintiff by throwing him to the ground;
   E. Failed to use reasonable security precautions by assaulting plaintiff and causing bodily harm to plaintiff as described in this Petition; and
   F. Any other negligent acts or omissions which may be discovered during discovery.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.

## COUNT X
### NEGLIGENCE AGAINST PINNACLE ENTERTAINMENT, INC.

50. Plaintiff hereby restates and incorporates herein by reference paragraphs 1-19 as though fully set forth herein.

51. The incident and resulting injuries and damages suffered by plaintiff was directly and proximately caused by the negligence of employees and/or agents of defendant, Pinnacle, in the following respects:

   A. Defendant's employees and/or agents failed to provide defendant with validation for its parking which would have prevented the injuries suffered by plaintiff;
   B. Employees and/or agents of defendant failed to follow reasonable security protocol in order to prevent an escalation of violence in order to prevent an assault and battery perpetrated on plaintiff by failing to allow plaintiff into the casino as he had been instructed by defendant in order to validate his parking;
   C. Failed to institute a reasonable security protocol to allow plaintiff back into the casino to prevent plaintiff's injuries;
   D. Failed to contain the situation without the use of force, but instead used unreasonable and offensive force and bodily harm against plaintiff by throwing him to the ground;
   E. Failed to use reasonable security precautions by assaulting plaintiff and causing bodily harm to plaintiff as described in this Petition; and
   F. Any other negligent acts or omissions which may be discovered during discovery.

WHEREFORE, Plaintiff prays for judgment against defendant and seeks damages in excess of $25,000.00 in the amount which is fair and reasonable, pre-judgment interest, and for all costs herein expended.


WHEREFORE, Plaintiff prays judgment against defendants jointly and severely for such damages as are fair and reasonable, pre-judgment interest, and for all costs herein expended, including reasonable attorney's fees.

_____
Dean C. Nichols  #48739
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Plaintiff
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: nichols@rpslaw.com