UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH N. LINNENBRINGER, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:10CV1774 JCH |
| ) | |
| CASINO ONE CORPORATION, d/b/a ) | |
| LUMIERE PLACE CASINO AND HOTELS, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Casino One Corporation, d/b/a Lumiere Place Casino and Hotels' Motion to Dismiss Counts VII and IX of Plaintiff's Petition ("Complaint" or "Compl."), filed October 7, 2010.[1] (Doc. No. 12). The motion is fully briefed and ready for disposition.

## BACKGROUND

On August 31, 2008, Plaintiff Kenneth N. Linnenbringer and his wife were patrons of Defendant Casino One Corporation, d/b/a Lumiere Place Casino and Hotels ("Lumiere"). (Compl., ¶ 6). Plaintiff parked his vehicle in a parking lot owned and operated by Lumiere. (Id., ¶ 7). According to Plaintiff, employees and/or agents of Lumiere instructed Plaintiff that he would need to leave the casino and retrieve his receipt in order to have his parking ticket validated. (Id., ¶ 8). Plaintiff claims that upon his attempted re-entry to the casino, he did not have his casino entry card, but informed the employees/agents that he wanted only to validate his parking ticket, find his wife

---

[1] The instant motion originally included Pinnacle Entertainment, Inc.'s Motion to Dismiss Counts VIII and X of Plaintiff's Complaint. Pinnacle Entertainment was dismissed as a Defendant on October 15, 2010, however, and so the Court need not address its assertions in this Order.

and leave. (Id., ¶ 9). Despite this assurance, Plaintiff maintains the employees/agents refused to allow Plaintiff back into the casino, instead becoming forceful with Plaintiff in an attempt to remove him from the premises. (Id., ¶¶ 10, 11). Specifically, Plaintiff alleges the employees/agents grabbed him, forced him outside, and threw him to the ground, and then detained Plaintiff against his will for two and a half hours. (Id., ¶¶ 12, 13).

Plaintiff filed the instant Complaint in the Circuit Court of the City of St. Louis, Missouri, on August 9, 2010. (Lumiere's Notice of Removal, ¶ 1). Lumiere removed the matter to this Court on September 20, 2010, based upon diversity of citizenship. (Id., ¶ 5). As relevant to the instant motion, Plaintiff makes the following claims in his Complaint: Malicious Prosecution (Count VII); and Negligence (Count IX). As stated above, Lumiere filed its Motion to Dismiss on October 7, 2010, claiming Counts VII and IX of Plaintiff's Complaint must be dismissed for failure to state a claim. (Doc. No. 12).

**STANDARD FOR MOTION TO DISMISS**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P.

12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## DISCUSSION

**I.    Malicious Prosecution**

Plaintiff's claim for malicious prosecution states in its entirety as follows:

39. Defendant, Lumiere, by and through its employees and/or agents instigated and continued a judicial proceeding against plaintiff that terminated in favor of plaintiff and defendant acted maliciously and without reasonable grounds in the following respects:

    A.   Defendant detained plaintiff without just cause or justification;
    B.   Defendant never cooperated with plaintiff in order to turn in his receipt or get his wife in order to validate his parking; and
    C.   Defendant contacted the police and encouraged a police investigation and withheld key evidence and information from the police that it was their employees and/or agents that had instructed plaintiff to go back into the casino to get his parking validated.

40. Defendant encouraged and instigated a criminal complaint to be filed against plaintiff in the St. Louis City Circuit Court, Division 26, *State of Missouri v. Kenneth N. Linnenbringer*, Cause No. 0822-CR05730.

41. The criminal proceeding terminated in favor of plaintiff when all charges were dismissed.

42. Plaintiff was significantly damaged by defendant's actions which resulted in and caused him injuries as described in this [Complaint].

(Compl., ¶¶ 39-42).

Under Missouri law, "[a] claim for malicious prosecution requires proof of the following elements: '1) commencement of an earlier suit against plaintiff; 2) instigation of the suit by defendant; 3) termination of the suit in plaintiff's favor; 4) lack of probable cause for the suit; 5) malice by defendant resulting in the suit; and 6) damage to plaintiff resulting from the suit.'" Fischer v. Steward, 2010 WL 147865 at *13 (E.D. Mo. Jan. 11, 2010) (quoting State ex rel. Police Retirement Sys. of St. Louis v. Mummert, 875 S.W.2d 553, 555 (Mo. 1994) (en banc)). With respect to the third element, this Court has held as follows:

> Termination occurs when "(1) a final judgment is entered on the merits; (2) the action is dismissed by the court *with prejudice*; or (3) the action is abandoned." *Doyle v. Crane*, 200 S.W.3d 581, 589 (Mo.Ct.App. 2006).... "[W]hen a case is dismissed *without* prejudice[2] the dismissal constitutes a termination in favor of the [plaintiff]--for the purpose of a subsequent malicious prosecution suit by him--*only* when the party who initiated the case manifests an intent to abandon it." *Id.* (internal quotations omitted).

Zike v. Advance America, 2010 WL 1816747 at *8 (E.D. Mo. May 3, 2010).

In his response to Lumiere's Motion to Dismiss, Plaintiff asserts the underlying criminal action upon which his malicious prosecution claim depends was abandoned by the prosecuting authorities, because the statute of limitations has now passed for any criminal action relating to the August 31, 2008, incident. (Plaintiff's Response, P. 2). Upon consideration, however, the Court agrees with Lumiere that because Plaintiff fails to specify the nature of the charges brought against him by the State of Missouri, it is impossible to discern whether the applicable statute of limitations has run. See, e.g., Mo. Rev. Stat. § 556.036.2(1) (providing a three year statute of limitations for prosecutions of felonies). Plaintiff thus fails properly to allege the underlying criminal action terminated in his

---

[2] Although Plaintiff does not indicate in his Complaint whether the dismissal of the charges against him was with or without prejudice, he states in his response brief that the dismissal was without prejudice. (Plaintiff's Response to Defendants' Motion to Dismiss ("Plaintiff's Response"), P. 2).

favor, and so his claim of malicious prosecution must be dismissed. The Court will, however, allow Plaintiff to file an Amended Complaint addressing the concerns raised in this Memorandum and Order.[3]

## II. Negligence

Plaintiff's negligence claim against Lumiere states in its entirety as follows:

49. The incident and resulting injuries and damages suffered by plaintiff were directly and proximately caused by the negligence of employees and/or agents of defendant, Lumiere, in the following respects:

   A. Defendant's employees and/or agents failed to provide defendant with validation for its parking which would have prevented the injuries suffered by plaintiff;
   B. Employees and/or agents of Defendant failed to follow reasonable security protocol in order to prevent an escalation of violence in order to prevent an assault and battery perpetrated on plaintiff by failing to allow plaintiff into the casino as he had been instructed by defendant in order to validate his parking;
   C. Failed to institute a reasonable security protocol to allow plaintiff back into the casino to prevent plaintiff's injuries;
   D. Failed to contain the situation without the use of force, but instead used unreasonable and offensive force and bodily harm against plaintiff by throwing him to the ground;
   E. Failed to use reasonable security precautions by assaulting plaintiff and causing bodily harm to plaintiff as described in this [Complaint]; and
   F. Any other negligent acts or omissions which may be discovered during discovery.

(Compl., ¶ 49). Upon consideration, the Court finds itself unable to address the sufficiency of Plaintiff's negligence claim, because Plaintiff incorporates inconsistent theories within the claim itself. In other words, although Plaintiff captions the Count "Negligence," he includes allegations of assault and battery, both intentional torts. See Armoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. App. 2001).

---

[3] The Court will not address Lumiere's assertion that as a private corporation, Lumiere possessed no authority to instigate or pursue a criminal prosecution against Plaintiff, as it was raised only in Lumiere's reply brief. The Court notes without deciding, however, that a private party at times may be held liable as an instigator for giving false information to the authorities. Zike, 2010 WL 1816747 at *8; Crow v. Crawford & Co., 259 S.W.3d 104, 115 (Mo. App. 2008).

"It is an axiom that theories based upon alleged 'negligent' and 'intentional' conduct are contradictory and mutually exclusive," and "[a] pleading that contains inconsistent theories within the same count is subject to dismissal." Gallatin v. W.E.B. Restaurants Corp., 764 S.W.2d 104, 105 (Mo. App. 1988) (citations omitted). The Court therefore will grant Lumiere's Motion to Dismiss Count IX, but as with Count VII, will grant Plaintiff leave to file an Amended Complaint addressing the concerns raised in this Memorandum and Order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lumiere's Motion to Dismiss Counts VII and IX of Plaintiff's Complaint (Doc. No. 12) is **GRANTED** in part, and Counts VII and IX are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Monday, November 15, 2010**, within which to file an Amended Complaint in this matter.

Dated this 1st day of November, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE